IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STRAUGHTER-CARTER POST NO. 6627, VETERANS OF FOREIGN WARS OF THE UNITED STATES, ET AL., : <br> **Plaintiffs,** <br> v. <br> WACHOVIA BANK, N.A., ET AL., <br> **Defendants.** | CIVIL ACTION <br><br> NO. 09-0420 |

### MEMORANDUM AND ORDER

**Tucker, J.**                                                                                                       **April    , 2009**

Presently before this Court are Plaintiffs' Motion to Remand to State Court (Doc. 7) and Defendant's Motion to Dismiss Count Two of Amended Complaint (Doc. 8). For the reasons stated below, this Court will deny both motions.

### BACKGROUND

Plaintiffs, Straughter-Carter Post No. 6627, Veterans of Foreign Wars of the United States, and Veterans of Foreign Wars of Pennsylvania, bring this action against Defendant, Wachovia Bank, N.A., to recover funds from an allegedly unauthorized sale of property. Both Plaintiffs are nonprofit, Pennsylvania corporations. Defendant is a banking corporation with offices in Philadelphia, Pennsylvania.

On or around December 21, 2005, Plaintiffs allege that a Charles Covington ("Covington") participated in the sale of certain real property deeded to Plaintiffs, located at 4338-4344 Terrace Street, Philadelphia, PA. Am. Compl. ¶ 8. According to Plaintiffs, Covington was not authorized to sell this property on Plaintiffs' behalf, nor did Plaintiffs authorize the sale of the Property. Diversified Realty Services, Inc. ("Diversified"), a

1

Pennsylvania corporation and the purchaser of the Property, provided Covington with a check in the amount of $372,156.80 payable to Plaintiffs, representing proceeds for the sale of the property.  Am. Compl. ¶ 11.

Next, Plaintiffs allege that Covington opened an account with Defendant in the name of "Straughter Carter Post", which is an incorrect legal name.  Plaintiffs assert that Defendant was not authorized to perform this transaction either, and further argues that Defendant did not perform the necessary due diligence before permitting Covington to open an account in Plaintiff's name.  Am. Compl. ¶ 13-15.  Plaintiffs aver that on or around December 22, 2005, Covington improperly endorsed the check made payable to Plaintiffs using his own name, and presented it for deposit into the account with Defendant mentioned above.  Plaintiffs argue that Defendant accepted the check for deposit despite the allegedly improper endorsement, and presented it to PNC Bank, N.A., the payor bank, which paid the instrument.  Am. Compl. ¶ 16-17.

After receiving the funds, Plaintiffs allege that Defendant credited the account, allowing Covington to withdraw the funds from the account for personal use.  Am. Compl. ¶ 19.  Plaintiffs assert that they have never received the funds nor any benefit from the funds.  Plaintiffs now seek to recover this amount from Defendant, and with the recent amendment of their complaint, Diversified.

## **LEGAL STANDARD**

28 U.S.C. § 1332(a) provides that a federal court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, and where there is diversity of

citizenship between the parties. Federal Rules of Civil Procedure 19(a)(1) provides that a person must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties, or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in their absence may impede that person's ability to protect their interest, or subject an existing party to a substantial risk of incurring multiple obligations.

Rule 12(b)(6) provides that an action may be dismissed where a plaintiff fails to state a claim upon which relief may be granted. In considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the plaintiff. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d. Cir. 2005). A Rule 12(b)(6) motion should be granted only if it appears to a certainty that no relief could be granted under any set of facts that could be proved. Id.

**DISCUSSION**

A.      Motion to Remand to State Court

While joinder is permissible where a party's absence could render the court unable to accord complete relief, or subject an existing party to multiple obligations, there are instances where joinder is impermissible. Courts have found joinder to be impermissible, or fraudulent, "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1994). To

determine whether joinder is proper, courts evaluate a plaintiff's complaint at the time of removal, accepting as true all of the factual allegations in the complaint. Steel Valley Auth. V. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

Here, Plaintiffs sought joinder of Diversified, a Pennsylvania corporation, after Defendant filed for removal of this action to this Court.  Plaintiffs argue that Diversified is an indispensable party, as it allegedly has a cause of action against PNC for paying the instrument, and further that PNC has a cause of action to recover funds from Defendant.  Using this reasoning, Plaintiffs assert that it cannot be made whole if Diversified is not party to the litigation.  However, this argument is unpersuasive.

Plaintiffs can undoubtedly be made whole without Diversified as a party.  Plaintiffs' Original Complaint, containing the allegations considered at the time of removal, asserted a cause of action solely against Defendant to recover the funds in question.  Plaintiffs set forth no facts alleging that Defendant is not in the position to make Plaintiff whole.  Plaintiffs provide no plausible reason why Defendant alone cannot fully compensate Plaintiff for its loss, should it prevail in this action.  This Court concludes that the most practical manner in which to proceed would consist of an action of Plaintiffs against Defendant.  Thereafter, Defendant could seek contribution from Diversified and any other entities if it chose to do so.  Under the circumstances, it appears that Plaintiff's joinder of Diversified is indeed a fraudulent attempt to destroy diversity.  Since the rules may not be manipulated in this fashion, Plaintiff's motion to remand to state court is denied.

B.      Motion to Dismiss Count II of Amended Complaint

A motion to dismiss is appropriate where, accepting as true all of the well-pleaded allegations of the complaint and viewing them in the light most favorable to the plaintiff, the court concludes that the plaintiff still is not entitled to relief.  City of Phila. v. Beretta U.S.A. Corp., 277 F.3d 415, 420 (3d Cir. 2002).  In evaluating a Rule 12(b)(6) motion, the court's focus is not whether the plaintiff will ultimately prevail in the cause action, but rather whether it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Furthermore, the defendant bears the burden of showing that no claim has been presented which entitles the plaintiff to the relief sought.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

In the present case, the parties disagree on whether a cause of action for common law negligence is preempted by the provisions of the Pennsylvania enactment of the Uniform Commercial Code ("UCC"), specifically § 3420.  Relying on the reasoning of the court in Gress v. PNC Bank, 100 F. Supp.2d 289 (E.D. Pa. 2000), Defendant argues that § 3420, though it does not explicitly mention negligence, displaces any negligence actions that are based on wrongfully paying a negotiable instrument to a person not entitled to enforce the instrument or receive payment.

Conversely, Plaintiffs argue that parallel common law and UCC claims may be asserted, except where the UCC provides a comprehensive remedial scheme, and reliance on the common law would undermine the purpose of the UCC.  New Jersey Bank, N.A. v. Bradford Security

Operations, Inc., 690 F.3d 339 (3d Cir. 1982).  Plaintiffs also rely heavily on a recent decision where the court determined that the inquiry into the validity of parallel common law and UCC claims is fact-specific.  In Bucci v. Wachovia, N.A., 591 F. Supp. 2d 773 (E.D. Pa. 2008), the court stated that "it is well established in the Third Circuit that, under some fact patterns, a plaintiff may maintain a common law claim for negligence parallel to a claim under the UCC."  The Bucci court ultimately found that the issue of whether a claim is preempted under § 3420 with respect to negligence is fact-specific, and further that it was unclear at an early stage of litigation whether such a claim should be displaced.

     This Court agrees with Plaintiffs' position.  Plaintiffs have adequately pled facts which can support a negligence claim against Defendant, separate and apart from their UCC claim.  It is plausible at this early stage of the litigation that both a negligence claim and a claim under § 3420 can be validly asserted, and as a result, Defendant has not met its burden to prevail on a motion to dismiss.  Therefore, Defendant's motion is denied.

     An appropriate order follows.